UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CSC HOLDINGS, INC.,

                       Plaintiff,

       -against-

LAWRENCE COUGHLIN,

                       Defendant
----------------------------------------------------------X

REPORT AND
RECOMMENDATION
CV 02-2825 (ENV)(ARL)

**LINDSAY, Magistrate Judge:**

       This matter was referred to the undersigned by District Judge Platt for determination of the appropriate amount of damages to be awarded following the grant of summary judgment to plaintiff, CSC Holdings, Inc., known as "Cablevision." By order dated April 7, 2006, Cablevision was directed to serve and file papers in support of its damages claim by May 19, 2006 and the defendant, Lawrence Coughlin ("Coughlin"), was permitted to submit opposition papers by June 2, 2006. In accordance with that order, Cablevision has submitted a memorandum of law in support of its damages claim, an affidavit of Donald Kempton ("Kempton"), Investigator for CSC Holdings, Inc., sworn to May 11, 2006, and the affirmation of Patrick J. Sullivan, Esq. in support of its application for attorneys' fees. To date, the court has not received any opposition papers from the defendant despite having been served with the court's April 7, 2006 order. (See Dkt. # 36, affidavit of service together with certified mail receipt postcard).

       Having considered the plaintiff's submissions, the undersigned recommends that the plaintiff be awarded $90,000 in statutory damages, and $34,305.80 in attorneys' fees and costs for the reasons set forth herein.

# DISCUSSION

Summary Judgment against Coughlin:

Judge Platt granted the plaintiff's motion for summary judgment, finding that the defendant violated §§ 553(a)(1), 605(a) and (e)(4) and referred the plaintiff's request for damages to the undersigned for a report and recommendation. Section 553(a)(1) provides that "[n]o person shall intercept or receive or assist in intercepting or receiving any communication service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." Section 605(a) in pertinent part provides that "[n]o person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or information contained therein) for his own benefit or for the benefit of another not entitled thereto." Subsection (e)(4) adds that "[a]ny person who ... sells or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programing ... shall be fined." As Judge Platt found, Coughlin violated the above mentioned sections and is therefore entitled to damages.

Damages:

Where a defendant has violated both sections 553 and 605, a plaintiff may recover damages under one or the other statute, but not both. See International Cablevision, Inc. v. Sykes, 75 F.3d 123, 129 (2d Cir. 1996). The plaintiff has indicated that it opts to recover statutory as opposed to actual damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), which allows an award of statutory damages "for each violation of paragraph (4) of this subsection a sum not less than $10,000, or more than $100,000, as the court considers just." The statute also requires

the court to "direct the recovery of full costs, including awarding reasonable attorney's fees to an aggrieved party who prevails." §605(e)(3)(B)(iii). Here, the plaintiff seeks a minimum award of $10,000 in statutory damages for each of the defendant's sales of "pirate" converter-decoders in violation of §605(e)(4), totaling $90,000. The District Court made no findings with respect to the tenth "pirate" converter-decoder purchased by Coughlin, and additional recovery for personal use of that device is not sought by plaintiffs. Thus, the undersigned declines to recommend an award of damages regarding the tenth box.

Subsection 605(e)(4), which applies to any person who sells or distributes the converter-decoder devices, states that "for purposes of all penalties and remedies established for violations of this paragraph, the prohibited activity established herein as it applies to each such device shall be deemed a separate violation." The plaintiff asks the court to award statutory damages in the amount of $90,000 based on the inference that nine of the ten devices purchased by Coughlin were to be sold or distributed. See, e.g., Cablevision of Southern Connecticut v. Smith, 141 F.Supp. 2d 277, 287 (D. Conn. 2001) (court awarded $190,000 in statutory damages based on presumption that nineteen of the twenty devices purchased were to be sold or distributed). Given Judge Platt's finding that it is reasonable to infer that all but one of the converter-decoders purchased by Coughlin were to be sold or distributed, the undersigned will assess damages considering each of the nine sales as a separate violation. See Mem. and Order dated October 29, 2004 at 12-13; TWC Cable Partners v. Bravo, 1996 WL 933863, *4 (E.D.N.Y 1996)(awarding $70,000 for each sale of seven decoders) Cablevision Sys. Corp. v. Muneyyirci, 876 F. Supp. 415, 425 (E.D.N.Y. 1994) (awarding $3,900,000 for each sale of 390 decoders). Thus, the court recommends a minimum damages award of $10,000 per device sold for a total of $90,000.

3

Attorneys' Fees:

The plaintiff seek an award of attorneys' fees pursuant to §605(e)(3)(B)(iii).

Reasonableness of the Hourly Rates:

The court first addresses the hourly rates for the attorneys who worked on this matter. The Affirmation of Patrick J. Sullivan Esq. states that the law firm of Lefkowitz, Louis, Sullivan & Hogan, L.L.P worked on this matter and billed the plaintiffs for the individuals identified below at the following rates:

Daniel J. Lefkowitz, Esq. (Partner): $240 per hour;

Patrick J. Sullivan, Esq. (Partner): $165-200 per hour;

Shaun K. Hogan, Esq. (Partner): $165-200 per hour;

Wayne Louis, Esq. (Partner): $165-200 per hour;

William E. Primavera, Esq. (Associate): $145 per hour;

Melinda M. Dus, Esq. (Associate): $145 per hour;

Alfonso N. Cava (Paralegal): $85-95 per hour;

Susan A. Weindler (Paralegal): $85-95 per hour;

Janine Zabbia (Paralegal): $85-95 per hour;

Renee A. Delano (Paralegal): $85 per hour;

Jessica Spiegelman (Paralegal): $85 per hour; and

Laura Chiques (Paralegal): $95 per hour.

It is settled law that the hourly rate should be "'in line with those [rates] prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation.'" Cruz v. Local Union No.3 of the IBEW, 34 F.3d 1148, 1159 (2d Cir. 1994)

(quoting Blum v. Stetson, 465 U.S. 886, 896 n.11 (1984)). The relevant community that a district court should consider is usually "'the district in which the court sits,' unless there has been a showing that 'special expertise of counsel from a . . . [different] district was required.'" Id. (quoting Polk v. New York State Dep't of Correctional Servs., 722 F.2d 23, 25 (2d Cir. 1983)).

In this district, prevailing rates have ranged from $200-$300 for partners, $200-$250 for senior associates, $100-$150 for junior associates and $60-75 for paralegals. See, e.g., Commission Express National, Inc. v. Rikhy, No. CV 03-4050(CPS), 2006 WL 385323, *6 (E.D.N.Y. Feb. 17, 2006); Aiello v. Town of Brookhaven, CV 94-2622(FB), 2005 WL 1397202, *3 (E.D.N.Y., June 13, 2005). Plaintiffs' papers set forth the position and experience of the individuals reflected on the time records and their rates are within these ranges with the exception of that charged for the paralegals. (Decl. of Sullivan at ¶¶ 4-14). The rates of $85 and $95 per hour charged for the paralegals are above the prevailing rates in this District and should be reduced to $75 per hour.

Reasonableness of Time Spent:

To establish the number of hours reasonably expended on a litigation, the party seeking an award of attorneys' fees "must document the application with contemporaneous time records" that specify "the date, the hours expended, and the nature of the work done." New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). Here, the plaintiffs have submitted the declaration of their attorney, Patrick Sullivan, together with a copy transcriptions of the firm's daily time sheets detailing the required information. See Transcriptions of Contemporaneous Time Sheets, annexed to plaintiff's submission as "Ex. B."

Plaintiffs assert that their attorneys spent a total of 236.90 hours on this litigation and have supported that assertion with the billing records. See Sullivan Decl. at ¶ 15; see also "Ex. B" annexed to plaintiff's submission.

The undersigned has carefully reviewed the billing records submitted. Practical experience teaches that "the more lawyers representing a side of the litigation, the greater the likelihood will be for ... duplication of service." American Lung Ass'n v. Reilly, 144 F.R.D. 622, 626 (E.D.N.Y., 1992) (citing Ramos v. Lamm 713 F.2d 546, 554 (10th Cir. 1983)). Thus, a court may increase or reduce attorneys' fees based on a number of factors, including "the level and complexity of the issues involved, the skill of the attorneys involved, overstaffing and inflated hours." Fund Com'n Service, II, Inc. v. Westpac Banking Co., 1996 WL 469660, *6 (S.D.N.Y. 1996); see also U.S. Football League v. National Football League, 887 F.2d 408, 415 (2d Cir. 1989)(holding that the district court is within its discretion in considering a number of factors to determine the reasonableness of the amount of attorneys' fees award). The issues in this matter are not novel or complex and the attorneys for the plaintiffs are experienced in the litigation of cable piracy. See Sullivan Decl. at ¶¶ 4-9. Experience dictates that some overlap of efforts often occurs in litigation such as this, and some greater economy of time might have been used. To reflect this, the court will, exercising its discretion, reduce the number of overall hours by 10%. See Carey, 711 F.2d at 1146 (noting that courts have "endorsed percentage cuts as a practical means of trimming fat from a fee application"); M.L. v. Board of Ed., 2003 U.S. Dist. LEXIS 3473, at *13-14 (reducing total award by ten percent); Envirosource, Inc. v. Horsehead Resource Dev. Co., 981 F. Supp. 876, 884 (S.D.N.Y. 1998) (reducing total number of hours by 25%); see also Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994) (district court not required to "set

forth item-by-item findings concerning what may be countless objections to individual billing items") (per curiam). Applying this 10% reduction together with the reduced rates as described above, the court recommends an award of attorneys' fees in the amount of $33,620.85.

  Costs:

Costs are reimbursable "as long as they were incidental and necessary to the representation" of the client. Securities and Exch. Comm'n v. Goren, 272 F. Supp. 2d 202, 214 (E.D.N.Y. 2003) (internal quotation omitted). The court has reviewed the items claimed by the plaintiffs and finds that they are reimbursable. Accordingly, the court recommends that the plaintiffs are entitled to an award of costs in the amount of $684.95.

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within ten days of the date of service of this report. Failure to file objections within this period waives the right to appeal the District Court's Order, *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Beverly v. Walker, 118 F.3d 900, 902 (2d Cir. 1997); Savoie v. Merchants Bank, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
   July 28, 2006                    /s/
                           _____
                           ARLENE ROSARIO LINDSAY
                           United States Magistrate Judge